UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**LEANDRE SMITH,**　　　　　　　　　　**CASE NO.:**

　　　　**Plaintiff,**

vs.

**FEDEX GROUND PACKAGE
SYSTEM, INC.,**

　　　　**Defendant.**
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, LEANDRE SMITH through his undersigned counsel, file this against FedEx, FEDEX GROUND PACKAGE SYSTEM, INC., ("FedEx") and state as follows:

## NATURE OF THE CASE

1. FedEx ground shipping transports items all across the fifty states from Alaska to Hawaii. *See* https://www.fedex.com/en-us/shipping/ground.html.

2. As a central part of its business, FedEx contracts with incorporated independent service providers ("ISPs") to deliver packages to its customers through a standardized agreement (the "Agreement").

3. These ISPs, in turn, hire drivers like Plaintiff here to deliver the FedEx packages within the ISP's service areas.

4. However, even though Plaintiff was nominally employed through ISPs, FedEx directed and controlled Plaintiff, dictating nearly every aspect of his delivery work. *See infra.*

5. As such, FedEx jointly employed Plaintiff and is liable for wage and hour

compliance for him.

6. This lawsuit arises under the Fair Labor Standards Act, Unp ("FLSA") for FedEx's failure to pay Plaintiff his overtime wages for all time worked in excess of forty (40) hours in a workweek in violation of the FLSA.

7. The Fair Labor Standard Act of 1938, 29 U.S.C. § 201 et, seq. ("FLSA") was enacted to ensure "the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers." 29 U.S.C. § 202(a).

8. The FLSA establishes minimum wage and overtime requirements for covered employees to achieve this broad remedial purpose. 29 U.S.C. §§ 206, 207.

9. These provisions, and the private right of action granted to employees, prevent employers from pilfering rightfully earned wages of employees. *See Billingsley v. Citi Trends Inc.*, 13-12561, 2014 WL 1199501 (11th Cir. Mar. 25, 2014).

10. As a non-exempt employee, Plaintiff is entitled to the applicable overtime wage for each hour suffered and permitted to work by FedEx. *Freeman v. Key Largo Volunteer Fire & Rescue Dept., Inc.,* 494 Fed. Appx. 940, 942 (11th Cir. 2012) *cert. denied*, 134 S.Ct. 62 (U.S. 2013) ("To be 'employed' includes when an employer 'suffer[s] or permit[s] the [employee] to work'").

11. FedEx failed to pay Plaintiff for all overtime hours worked, pursuant to a policy applicable to Plaintiff whereby FedEx required its ISPs to hire drivers as employees through the ISPs, not FedEx.

12. However, as further explained below, FedEx jointly employed Plaintiff and is liable for overtime compensation owed to the Plaintiff.

13. FedEx's policies, practice and conduct violates the FLSA, which requires non-

exempt employees, such as Plaintiff, to be compensated for his overtime work at a rate of one and one-half times their regular rate of pay. *See* 29 U.S.C. § 207(a).

14. Plaintiff, Leandre Smith, bring this action to recover the unpaid overtime wages owed to him.

## JURISDICTION AND VENUE

15. Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. § 201, *et seq.*, hereinafter called the "FLSA") to recover unpaid back wages, an additional equal amount as liquidated damages, obtain declaratory relief, and reasonable attorneys' fees and costs.

16. This Court has jurisdiction over Plaintiff FLSA claims pursuant to 28 U.S.C. §1331, arising under 29 U.S.C. §216(b).

17. Venue is proper in this judicial district because Plaintiff claims accrued in this judicial district.

18. Moreover, venue is proper in this judicial district because FedEx maintains an office and warehouse within this judicial district and Plaintiff performed part of their work for FedEx in this judicial district.

## PARTIES

19. Plaintiff, Leandre Smith, worked for FedEx as a driver from June 2017 to 2019.

20. Plaintiff performed work for FedEx out of FedEx's Davenport, Florida terminal in Polk County, Florida.

21. Plaintiff job as a driver was to make local deliveries of goods which had been transported in interstate commerce to customers of FedEx.

22. At all times relevant hereto, Plaintiff has been current or a former "employees" of

FedEx as that term is defined by the FLSA, 29 U.S.C. §201 *et seq*, as he had suffered and been permitted to work delivering packages to FedEx customers from the FedEx terminals.

23. Defendant, FedEx, is a Delaware for-profit corporation that operates and conducts business in this county, as well as throughout Florida, and is therefore within the jurisdiction of this Court.

## FLSA COVERAGE

> "The requirements to state a claim of a FLSA violation are quite straightforward." *Sec'y of Labor v. Labbe*, 319 F. App'x 761, 763 (11th Cir. 2008). To state a claim under the FLSA for unpaid wages, an employee must allege (1) an employment relationship; (2) that the employer or employee engaged in interstate commerce; and (3) that the employer failed to pay overtime compensation and/or minimum wages. *Id.*

A. *Employment Relationship*

24. The FLSA defines the term "employer" to broadly include "any person acting directly or indirectly in the interest of an employer in relation to any employee". 29 U.S.C. 203(d).

25. Through the operation of the FedEx website ([www.fedex.com](www.fedex.com)) customers throughout the United States can and do arrange for the transportation of goods and/or materials which are then shipped throughout the United States to each customer's intended address.

26. Workers who effectuate the transportation of FedEx's customers' goods, such as Plaintiffs here, are integral to FedEx's business and must be managed by FedEx to ensure the fluid and consistent flow of its transportation system.

27. To ensure the highest customer service, satisfaction and companywide uniformity, FedEx dictates and directly manages the work of Plaintiff employment in numerous ways.

28. For example, FedEx requires drivers like Plaintiff to complete an application on a computer at the FedEx office.

29. Fed Ex has required drivers like Plaintiff to submit to a FedEx background check.

30. Fed Ex requires drivers like Plaintiff to submit to a driving test.

31. FedEx requires drivers like Plaintiff to submit to a drug test.

32. FedEx requires drivers like Plaintiff to follow FedEx safety and delivery policies.

33. FedEx provides safety meetings for drivers like Plaintiff.

34. FedEx requires drivers like Plaintiff to be terminated by their ISPs if they do not follow their safety and delivery policies.

35. FedEx has required drivers like Plaintiff wear a FedEx uniform.

36. FedEx requires drivers like Plaintiff to have a FedEx badge.

37. FedEx has required drivers like Plaintiff drive a truck that contains FedEx insignia and logos (except when extra trucks are rented due to volume exceeding capacity during the busy reason).

38. FedEx requires drivers like Plaintiff to follow FedEx manager or personnel instructions about specific customer preferences or schedules.

39. FedEx requires drivers like Plaintiff to follow FedEx policies and procedures which requires customer signatures for certain packages.

40. FedEx requires drivers like Plaintiff use FedEx equipment and technology to perform deliveries.

41. FedEx requires drivers like Plaintiff to scan each package with FedEx's scanner to

upload into FedEx's system.

42. FedEx requires drivers like Plaintiff to report to a FedEx terminal each delivery day to load packages.

43. FedEx requires drivers like Plaintiff to deliver packages which are assigned by FedEx managers.

44. FedEx requires drivers like Plaintiff abide by delivery and pickup windows.

45. FedEx requires drivers like Plaintiff to deliver packages on a specific route.

46. FedEx requires drivers like Plaintiff to remain at the terminal until all packages assigned are accounted for and the scanner closed out by FedEx managers/personnel.

47. FedEx supervises the work of each driver like Plaintiff on a daily basis;

48. FedEx evaluates the performance of each driver like Plaintiff on a periodic basis.

49. FedEx can discipline drivers like Plaintiff up to and including termination.

50. The ISPs who contract with FedEx exist for the common business purpose of providing local delivery services to FedEx as an integral part of FedEx's business operation to deliver FedEx packages to its customers.

51. Stated differently, the ISPs simply provide a delivery driver labor force to FedEx, to further FedEx's core business objective of providing delivery service to its customers.

52. On information and belief, the ISPs are directly and solely dependent on their delivery contracts with FedEx.

53. On information and belief, the ISPs exclusively service FedEx full-time, and have no other clients.

54. On information and belief, the ISPs are solely dependent on payments made by FedEx to make regularly scheduled payroll to the Plaintiff.

55. On information and belief, each ISP was required to execute the standard FedEx Agreement to hire drivers like Plaintiff as W-2 employees.

56. Ostensibly, this was done so FedEx can shift wage and hour compliance from FedEx to the ISPs for its drivers like Plaintiff.

57. In this regard, the ISPs are little more than an administrator or employee leasing company for FedEx and an independent contractor in name only, dictating to drivers like Plaintiff the policies and directives of FedEx in accord with the Agreement.

58. Drivers, like Plaintiff—and ISPs in general—are not required to have any special skills; the delivery of FedEx packages is the only service provided by drivers.

59. Because FedEx's sole business is to provide delivery services, it cannot operate its business without the drivers like Plaintiff.

60. Plaintiff is dependent on FedEx, at a minimum, because FedEx provides: (i) all of the packages to deliver as part of its core business; (ii) delivery instructions including when, where, how and in what order to deliver the packages; and (iii) payment of wages through FedEx's payments under the delivery contracts with ISPs.

61. On information and belief, FedEx kept an employee file for each Plaintiff including contact information, employment information, history of complaints/issues, training records, on and off duty time, and information on the vehicle each Plaintiff operated in order to make deliveries.

62. Based on the foregoing, FedEx is an employer as defined under the FLSA

63. "To be 'employed' includes when an employer 'suffer[s] or permit[s] [the employee] to work.'" *See Freeman v. Key Largo Volunteer Fire & Rescue Dept., Inc.,* 494 Fed. Appx. 940, 942 (11th Cir. 2012) cert. denied, 134 S.Ct. 62 (U.S. 2013).

64. Plaintiff was employed by FedEx.

65. Specifically, Plaintiff was suffered and permitted to work unloading FedEx packages and delivering those packages on behalf of and for the sole benefit of FedEx.

66. FedEx jointly employed Plaintiff as local delivery driver.

B. *Enterprise and Individual Coverage*

67. "The [FLSA] requires an employer to pay overtime compensation to an hourly worker if the employee can establish individual or enterprise coverage." *Silver v. Dr. Neal Krouse, D.O., P.A.*, 2007 WL 4098879 *2 (S.D. Fla. Nov. 16, 2017) (*citing Thorne v. All Restoration Svcs., Inc.*, 448 F.3d 1264, 1265 (11th Cir. 2006).

68. FedEx is an enterprise as defined within section 3(r)(1) of the FLSA, because at all times it operated a nationwide integrated logistics chain throughout all 50 states.

69. FLSA enterprise coverage requires that an enterprise have "employees engaged in commerce or in the production of goods for commerce," or have "employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce." 29 U.S.C. § 203(s)(1)(A)(emphasis added); *See Polycarpe. V. E&S Landscaping Service, Inc.*, 616 F.3d 1217, 1222-26 (11th Cir. 2010). Additionally, the enterprise must have greater than $500,000 in "annual gross volume of sales made or business done." *Daniel v. Pizza Zone Italian Grill & Sports Bar, Inc.*, 2008 WL 793660, at *2 n.6 (M.D. Fla. Mar. 24, 2008). Because today nearly all goods and materials are moved in or produced via interstate commerce, "virtually every business meeting the annual gross value requirement" is subject to enterprise coverage. *Id*.

70. At all material times, FedEx have been an enterprise in commerce or in the production of goods for commerce and has at least two employees that handle or work on goods

or materials that have been moved in or produced for commerce. 29 U.S.C. § 203(s).

71. FedEx provides local delivery of products and goods that are transported throughout the United States.

72. FedEx is engaged in commerce, and Plaintiff regularly handled goods or materials that have been moved in or produced for commerce, when delivering the goods to customers.

73. At all times relevant hereto, FedEx had an annual gross volume of sales or did business of more than $500,000.00 per year.

74. Therefore, at all material times relevant to this action, FedEx was an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s).

**WAGE VIOLATIONS**

75. Through the ISPs, Plaintiff was only paid a flat rate with no additional overtime compensation paid for their overtime hours worked.

76. Plaintiff was paid solely "flat rates," based on the number of days he worked, irrespective of the number of hours he worked each week.

77. Under the FLSA, workers paid such flat rates are entitled to additional overtime compensation for overtime hours worked.

78. Additionally, Plaintiff is not exempt under the FLSA as he drove vehicles during his employment with FedEx that had a Gross Vehicle Weight Rating of less than 10,000 pounds.

79. During the course of his employment, Plaintiff regularly worked in excess of forty (40) hours in individual workweeks.

80. The purported flat rate paid to Plaintiff failed to compensate him at a rate of one and one half (1.5) times his regular hourly wage for hours worked in excess of forty (40) hours per week, in violation of 29 U.S.C. § 207(a)(1).

81. FedEx knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay overtime compensation with respect to the Plaintiff.

82. FedEx did not act in good faith or reliance upon any of the following in formulating its pay practices: (a) case law, (b) the FLSA, 29 U.S.C. § 201, et seq., (c) Department of Labor Wage & Hour Opinion Letters or (d) the Code of Federal Regulations.

83. During the relevant period, FedEx violated § 7(a)(1) and § 15(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as aforesaid, for one or more workweeks without compensating such employees for their work at a rate of at least the time-and-one-half for all hours worked in excess of 40 hours in a work week.

84. FedEx has acted willfully in failing to pay Plaintiff in accordance with the law.

85. FedEx has failed to maintain accurate records of Plaintiff work hours in accordance with the law.

86. Federal law mandates that an employer is required to keep for three (3) years all payroll records and other records containing, among other things, the following information:

   a. The time of day and day of week on which the employee work week begins;

   b. The regular hourly rate or pay for any workweek in which overtime compensation is due under Section 7(a) of the FLSA;

   c. An explanation of the basis of pay by indicating the monetary amount paid on a per hour, per day, per week, or other basis;

   d. The amount and nature of each payment which, pursuant to section 7(e) of the FLSA, is excluded from the "regular rate";

  e. The hours worked each workday and total hours worked each workweek;

  f. The total daily or weekly straight time earnings or wages due for hours worked during the workday or workweek, exclusive or premium overtime compensation;

  g. The total premium for overtime hours. This amount excludes the straight-time earnings for overtime hours recorded under this section;

  h. The total additions to or deductions from wages paid each pay period including employee purchase orders or wage assignments;

  i. The dates, amounts, and nature of the items which make up the total additions and deductions;

  j. The total wages paid each pay period; and

  k. The date of payment and the pay period covered by payment.

29 C.F.R. §§ 516.2, 516.5.

87. FedEx has not complied with federal law and has failed to maintain such records with respect to Plaintiff.

88. Because FedEx's records are inaccurate and/or inadequate, Plaintiff can meet their burden under the FLSA by proving that they, in fact, performed work for which they were improperly compensated, and produce sufficient evidence to show the amount and extent of the work "as a matter of a just and reasonable inference." *See, e.g., Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946).

## COUNT I

**Violation of the FLSA – Overtime Wages**

89. Plaintiff incorporate and re-allege paragraphs 1 through 88 as though set forth

herein.

90. FedEx has violated the FLSA by its failure to pay Plaintiff one and a half times his regular rate of pay for all time worked in excess of forty (40) hours in a work week.

91. FedEx directed Plaintiff to work, and Plaintiff did work, in excess of forty (40) hours in individual workweeks within the three (3) years prior to filing this lawsuit.

92. Plaintiff is entitled to be paid overtime wages for all time worked in excess of forty (40) hours in individual workweeks.

93. FedEx did not pay Plaintiff overtime wages for all time worked in excess of forty (40) hours in individual workweeks.

94. FedEx's failure to pay Plaintiff overtime wages for all time worked in excess of forty (40) hours in individual workweeks was a violation of the FLSA.

95. FedEx failed to keep adequate records of Plaintiff work hours and pay in violation of section 211(c) of the FLSA. 29 U.S.C. § 211(c).

96. Plaintiff is entitled to recover unpaid overtime wages for up to three (3) years prior to the filing of this lawsuit because FedEx's violation of the FLSA was willful.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff pray for a judgment against FedEx as follows:

A. A judgment in the amount of all unpaid overtime wages owed to Plaintiff;

B. Liquidated damages in the amount equal to the unpaid overtime wages owed to Plaintiff;

C. Reasonable attorneys' fees and costs of this action as provided by the FLSA;

D. Such other and further relief as this Court deems appropriate and just.

**JURY DEMAND**

Plaintiff demands trial by jury on all issues so triable.

DATED: March 26, 2020.                Respectfully submitted,

*/s/ Andrew R. Frisch*
ANDREW R. FRISCH, ESQ.
FL BAR NO. 027777
AFrisch@forthepeople.com
**MORGAN & MORGAN, P.A.**
600 N. PINE ISLAND ROAD, SUITE 400
PLANTATION, FL 33324
T: (954) WORKERS; F: (954) 327-3013

C. Ryan Morgan, Esq.
FL Bar No. 0015527
RMorgan@forthepeople.com
**MORGAN & MORGAN, P.A.**
20 N. Orange Ave., 14th Floor
P.O. Box 4979
Orlando, FL 32802-4979
T: (407) 418-2069; F: (407) 245-3401

*Trial Counsel for Plaintiff*